UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZER OZERKAN,

    Plaintiff,

v.

HAMDY ARAFA, et al.,

    Defendants.

Case No. 25-cv-14177

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Azer Ozerkan commenced this 42 U.S.C. § 1983 action against the City of Dearborn's police department, two of its police officers and a private citizen. Before the Court is his *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

    (i) is frivolous or malicious;

>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Ozerkan's Fourth and Fourteenth Amendment claims all lack merit.  The claims asserted against Hamda Arafa fail because he is a private citizen and not a state actor whose misconduct is subject to section 1983 liability. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct." (internal quotation marks omitted).

The claims asserted against the City of Dearborn's police department are not actionable because municipal police departments in Michigan are not amenable to suit under section 1983.  Instead, "[a] suit against a city police department in

Michigan is one against the city itself, because the city is the real party in interest." *Haverstick Enters. v. Fin. Fed. Credit*, 32 F.3d 989, 992 n.1 (6th Cir. 1994); *see also Glenn v. Walker*, 65 F. App'x 53, 54 (6th Cir. 2003).

Officer Kamar Eldin must be dismissed as a party defendant because the complaint does not contain factually sufficient allegations demonstrating his personal involvement in the violation of Ozerkan's constitutional rights. *See, e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *see also* Fed. R. Civ. P. 8(a).

And the Fourth and Fourteenth Amendment claims asserted against Lieutenant James Isaac cannot proceed because they are, likewise, factually insufficient to state a plausible claim for relief. To be clear, Ozerkan's legal theory is legitimate – the United States Court of Appeals for the Sixth Circuit "recognize[s] an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, and (2) where the information released was of a sexual, personal, and humiliating nature." *Lambert v. Hartman*, 517 F.3d 433, 440-41 (6th Cir. 2008).

But the complaint merely asserts that Lieutenant Isaac "disclosed my personal information to third parties without my consent, violating my privacy and further compromising my safety." (ECF No. 1, PageID.5). And without allegations regarding the content of the information Lieutenant Jacobs disclosed, to whom he

disclosed it, and how the disclosure compromised Ozerkan's privacy or personal safety, the Court is left with nothing more than a formulaic recitation that happens to track the elements of a Fourteenth Amendment substantive due process violation. This type of pleading is devoid of the facts necessary to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (cleaned up). Accordingly,

IT IS ORDERED that Ozerkan's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Ozerkan may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: December 30, 2025                s/Robert J. White
                                                          Robert J. White
                                                          United States District Judge